UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RANDALL SIMMONS**, *individually and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**HOME DEPOT USA, Inc.,**<br><br>Defendant. | Case No.:<br><br>CLASS ACTION |

## CLASS ACTION COMPLAINT

Plaintiff Randall Simmons ("Plaintiff" or "Simmons"), on behalf of himself and others similarly situated, brings this class action against Defendant Home Depot USA, Inc. ("Defendant" or "Home Depot"), and alleges as follows:

### Introduction

1. This is a putative class action alleging damages suffered by Plaintiff arising from Defendant's breach of contract when it force placed "Damage Protection" despite it being expressly labelled an "optional service." In some instances, as in Plaintiff's case, when the customer made a reservation it declined the Damage Protection to only have Defendant's employees and computer system force place it back into the agreement.

2. During the relevant period, upon information and belief, Defendant used two form contracts nationwide. The provisions relevant to Damage Protection are materially the same with the only notable difference being the amount of the Damage Protection fee.

3. Defendant is one of the largest nationwide tool and equipment rental companies. Its Damage Protection fees generate tens of millions of dollars each year. Its pattern and practice of force placing the Damage Protection on Plaintiff and customers substantially inflates its revenue and is in breach of its contract.

4. Despite the Damage Protection being an "optional service," Defendant's store manager in Pelham, Alabama (believed to be named Carlos Harper) informed Plaintiff that Defendant's "default setting on their system was to add the protection, but that it could be taken off." This is in direct contradiction to Defendant's contract which expressly states that it is "optional" and that it must be "selected" for it to be charged. Defendant's pattern and practice of making the Damage Protection selected by "default" is a breach of its contract.

## Factual Background

5. Exhibit A is a true and correct copy of the tool rental contract number 249480 under which Plaintiff used HomeDepot.com to rent a tiller on April 7, 2025.

6. The "Tool Damage Protection" clause reads:

> Tool damage protection is an optional service offered by The Home
> Depot that, if selected, modifies this Agreement to relieve Renter of

repair charges, replacement charges or Administrative Charges if the Equipment is damaged during normal use during the Rental Period ("**Tool Damage Protection**"). Renter must accept or decline the Tool Damage Protection. In the event Renter elects Tool Damage Protection services: **(i)** the charge for Tool Damage Protection is 15% of the Rental Price and will appear as a separate line-item on the Agreement and on the invoice; and **(ii)** Tool Damage Protection does not cover loss of or damage to tools and large equipment caused by anything other than normal use, including damage caused by theft, abuse, misuse, neglect, or intentional acts. Renter expressly acknowledges and agrees that Renter will be responsible for all loss or damage caused by anything other than normal use of tools and large equipment. **Tool Damage Protection is not insurance and The Home Depot may make a profit on its Tool Damage Protection.**

Exhibit A.

7.     This clause makes it clear that the Damage Protection is "optional," that it must be "selected," that the customer is the one who must "accept or decline" it, and that for it to apply the customer must "elect[] Tool Damage Protection services."

8.     On April 7, 2025, when Plaintiff made his reservation on HomeDepot.com, he declined the Damage Protection. When he received his final invoice on or about April 12, 2025, Defendant had force placed the Damage Protection fee of $8.85.

9.     This is not a case disputing the amount of the Damage Protection fee, but rather it is a case about Defendant's breach of contract in defaulting all customers to opting in to Damage Protection despite the contract making it clear that the Damage Protection is optional and must be selected.

10. After being wrongly charged the Damage Protection fee, on April 15, 2025, Plaintiff contacted Home Depot corporate headquarters to inquire about the Damage Protection fee. He was informed that it was optional and that corporate would contact the Pelham, Alabama store.

11. On April 16, 2025, an operations manager named Daisy called Plaintiff to inform him that Defendant's system and employees force placing the Damage Protection without the customer opting in to it was wrong.

12. On April 16, 2025, an assistant manager at the Pelham, Alabama store called Plaintiff to inform him again that force placing Damage Protection was wrong and that Defendant would "retrain" employees. Plaintiff was then offered a discounted future rental for his troubles. Plaintiff declined.

13. On April 23, 2025, the Pelham, Alabama store manager named Carlos Harper called Plaintiff and informed him that Defendant's system defaulted to adding Damage Protection and that it must be "removed" manually and only after a customer affirmatively asks that it be removed. Mr. Harper then offered Plaintiff two free rentals for his troubles. Plaintiff declined.

14. To date, Plaintiff has declined all offers of free rentals or other compensation.

15. Plaintiff has communicated with Defendant verbally, via email, and via letter mailed via USPS on April 24, 2025 that it disputes the Damage Protection fee.

## Parties

16. Plaintiff is an individual who is a citizen of Alabama.

17. Defendant is a corporation organized under the laws of Delaware and with a principal place of business in Cobb County, Georgia. It is a citizen of Delaware and Georgia.

## Jurisdiction and Venue

18. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

19. Venue is proper in the Northern District of Georgia because Defendant' corporate headquarters are in this district and a substantial part of the events or omissions give rise to the claims occurred in this district.

## Class Action Allegations

20. Plaintiff brings this action as a putative class action pursuant to Federal Rule of Civil Procedure 23, and proposes the following classes (collectively the "Class"):

**Nationwide Class:**

Any entity or person who rented under a form contract substantially similar to Plaintiff's form contract and from any Home Depot in the

United States and was charged a fee for Damage Protection, but did not expressly opt in or select Damage Protection.

**Georgia Subclass:**

Any entity or person who rented under a form contract substantially similar to Plaintiff's form contract from a Georgia Home Depot and was charged a fee for Damage Protection, but did not expressly opt in or select Damage Protection.

### Typicality and Numerosity

21. The claims of the named Plaintiff are typical of the claims of the class.

22. Tens of thousands of entities and persons rented from Home Depot and had Damage Protection force placed as the default. While the precise number of proposed class members is presently unknown to Plaintiff, it likely exceeds 10,000. The potential class members are so numerous that joinder of all members of the classes is impracticable.

### Commonality and Predominance

23. This action involves questions of fact common to all class members because all class members rented from Defendant under a form contract.

24. This action involves questions of law common to all class members including:

- Whether Defendant's form contracts are uniform in all relevant respects;

- Whether Defendant's form contracts make the Damage Protection an "optional service";

- Whether Defendant's form contracts require the customer to "select" Damage Protection or whether Defendant can unilaterally force place Damage Protection;

- Whether Defendant breached its contract when its systems and employees unilaterally apply Damage Protection without the customer opting in or selecting it.

25. The questions of law and fact common to the class members, some of which are set out above, predominate over any questions affecting only individual class members. Defendant engaged in a common course of conduct that affected class members in the same manner. The amount of damages may differ among class members, but the fact and type of damages is uniform among all class members and flows directly from Defendant's common conduct.

26. Georgia law applies to all claims as the form contract expressly states that Georgia law applies.

## Adequacy

27. Plaintiff is motivated to pursue his claims and the undersigned counsel is experienced in class litigation such that they will fairly and adequately protect the interest of the class.

## Superiority

28. Defendant's force placed Damage Protection fee is either 10% or 15% (depending upon the date of the rental). In Plaintiff's case, it is $8.85. Accordingly, the expense of individually litigating a case likely exceeds the typical amount of

damages to which an individual class member might be entitled to receive. Class treatment of the claims set forth herein is superior to other methods for resolving class members' claims—indeed, it is likely the only practicable way to adjudicate this controversy.

29. The litigation and trial of Plaintiff's claims is manageable. There are only two form contracts at issue and each contract nationwide identifies the customer. The consistent provisions of the relevant laws, and the readily ascertainable identities of the class members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

## **Causes of Action**
### COUNT I
### Breach of Contact

30. The preceding paragraphs (except those in previous counts) are incorporated in this count by reference.

31. Plaintiff and class members entered into a uniform contract which governed their rental.  *See* Exhibit A.

32. The uniform contract stated that Damage Protection is "optional," that it must be "selected" by the customer, that the customer is the one who must "accept or decline" it, and that for it to apply the customer must "elect[] Tool Damage Protection services."

33. Defendant breached the contract because it force places, without customer consent or acceptance, Damage Protection.

34. Plaintiff and class members were damaged when Defendant improperly charged Damage Protection.

## PRAYER FOR RELIEF

Plaintiffs and each Class seek full compensatory damages allowable by law, attorneys' fees, costs, and appropriate equitable relief including injunctive relief, and any other relief to which Plaintiffs and each Class may be entitled.

## DEMAND FOR JURY TRIAL

The Plaintiffs and each Class hereby demand trial by a struck jury of all issues triable by right.

Dated: April 30, 2025.

*/s Taylor C. Bartlett*
Taylor C. Bartlett (GA Bar No. 778655)
Email: taylor@hgdlawfirm.com
W. Lewis Garrison, Jr. (GA Bar No. 286815)
Email: lewis@hgdlawfirm.com
HENINGER GARRISON DAVIS, LLC
2727 Paces Ferry Rd SE #750
Atlanta, GA 30339
Telephone: (205) 326-3336
Facsimile: (205) 326-3332

**Attorneys for Plaintiff and Putative Class**